J-S84027-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| JOSE LUIS GONZALEZ, JR. | : | |
| | : | No. 1368 MDA 2017 |
| Appellant | | |

Appeal from the PCRA Order August 1, 2017
In the Court of Common Pleas of Lebanon County Criminal Division at
No(s):  CP-38-CR-0000175-2013

BEFORE:  SHOGAN, J., LAZARUS, J., and OTT, J.

MEMORANDUM BY LAZARUS, J.:                    **FILED APRIL 02, 2018**

Jose Luis Gonzalez, Jr., appeals from the order, entered in the Court of Common Pleas of Lebanon County, denying him relief on his first petition filed pursuant to the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S.A. § 9541-46. After review, we affirm.

On July 11, 2013, a jury convicted Gonzalez of possession with intent to deliver,[1] possession of a controlled substance,[2] and possession of drug paraphernalia.[3]  At trial, Nicholas Sidelnick, Esquire, represented Gonzalez. On August 28, 2013, the trial court sentenced Gonzalez to an aggregate term

---

[1] 35 P.S. § 780-113(a)(30).

[2] 35 P.S. § 780-113(a)(16).

[3] 35 P.S. § 780-113(a)(32).

of one to five years' incarceration in a state correctional institution.[4]  Gonzalez filed timely post-sentence motions, which the trial court denied on January 3, 2017.  Gonzalez timely appealed, and on February 2, 2015, this Court affirmed his judgment of sentence.

On November 12, 2015, Gonzalez filed a *pro se* PCRA petition, his first; however, his petition was misfiled and mislaid and did not come to the PCRA court's attention until early 2017.  On August 1, 2017, the PCRA court held an evidentiary hearing.  The same day, the PCRA court denied Gonzalez's PCRA petition.  This timely appeal follows.  Both Gonzalez and the PCRA court have complied with Pa.R.A.P. 1925(b).  On appeal, Gonzalez raises the following issues for our review:

> 1. Whether [t]rial [c]ounsel [] was ineffective for failing to interview witnesses on [Gonzalez's] behalf regarding the illegal search and seizure?
>
> 2. Whether [t]rial [c]ounsel [] was ineffective for failing to file a [s]uppression [m]otion based on the illegal search and seizure?

Brief of Appellant, at 4.

We review the denial of a PCRA petition to determine whether the record supports the PCRA court's findings and whether its order is otherwise free of legal error.  **Commonwealth v. Fears**, 86 A.3d 795, 803 (Pa. 2014).  This Court grants great deference to the findings of the PCRA court if they are supported by the record.  **Commonwealth v. Boyd**, 923 A.2d 513, 515 (Pa. Super. 2007).  We give no deference, however, to the court's legal

---

[4] **See** 42 PA.C.S.A. § 9762(b).

conclusions. *Commonwealth v. Ford*, 44 A.3d 1190, 1194 (Pa. Super. 2012).

To be eligible for relief pursuant to the PCRA, Gonzalez must establish, *inter alia*, that his conviction or sentence resulted from one or more of the enumerated errors or defects found in 42 Pa.C.S.A. § 9543(a)(2). Gonzalez must also establish that the issues raised in the PCRA petition have not been previously litigated or waived. 42 Pa.C.S.A. § 9543(a)(3). An allegation of error "is waived if the petitioner could have raised it but failed to do so before trial, at trial . . . on appeal or in a prior state post[-]conviction proceeding." 42 Pa.C.S.A. § 9544(b).

Instantly, Gonzalez's claims allege ineffective assistance of trial counsel. Specifically, Gonzalez claims Attorney Sidelnick failed to pursue and litigate what Gonzalez characterizes as a suppression issue. The law presumes counsel has rendered effective assistance. *Commonwealth v. Rivera*, 10 A.3d 1276, 1279 (Pa. Super. 2010). The burden of demonstrating ineffectiveness rests on appellant. *Id.* to satisfy this burden, appellant must plead and prove by a preponderance of the evidence that: (1) his underlying claim is of arguable merit; (2) the particular course of conduct pursued by counsel did not have some reasonable basis designed to effectuate his interest; and (3) but for counsel's ineffectiveness, there is a reasonable probability that the outcome of the challenged proceedings would have been different. *Commonwealth v. Fulton*, 830 A.2d 567, 572 (Pa. 2003).

Gonzalez first avers Attorney Sidelnick failed to contact and/or interview his mother, Wanda Gonzalez, regarding his arrest and the subsequent search of his mother's residence. Failure to call a witness is not *per se* ineffective assistance of counsel, for such a decision implicates matters of trial strategy. ***Commonwealth v. Hammond***, 953 A.2d 544, 558 (Pa. Super. 2008). It is the post-conviction petitioner's burden to demonstrate that trial counsel had no reasonable basis for declining to call a particular person as a witness. ***Id.*** Generally, where matters of strategy and tactics are concerned, counsel's assistance is deemed constitutionally effective if he chose a particular course that had some reasonable basis designed to effectuate his client's interest. ***Id.***

Furthermore, failure to investigate and interview a witness, as a basis for a claim of ineffective assistance of counsel, overlaps with declining to call a witness, since the petitioner must prove: (1) the witness existed; (2) the witness was available to testify; (3) counsel knew of, or should have known of, the existence of the witness; (4) the witness was willing to testify; and (5) the absence of the testimony was so prejudicial as to have denied the defendant a fair trial. ***Commonwealth v. Pander***, 100 A.3d 626, 639 (Pa. Super. 2014). "[T]o meet the prejudice prong of the ineffectiveness [of counsel] standard, a defendant must show that there is a reasonable probability that but for counsel's unprofessional errors, the result of the proceeding would have been different." ***Commonwealth v. Reed***, 42 A.3d 314, 319 (Pa. Super. 2012) (internal quotations and citations omitted).

At Gonzalez's evidentiary PCRA hearing, Attorney Sidelnick, during direct examination, discussed his communications with Wanda Gonzalez:

[PCRA COUNSEL]: Did you interview his mother about this case?

[TRIAL COUNSEL]: Yes.

Q: Why?

A: Well, a couple [of] reasons. One, like I said, he had other cases that were pending, so part of that contact was to possibly get clothing for him for trial. But[,] I had called his mother on – it would have been in June of 2013. That was to discuss, I believe, as to the attempted homicide case regarding whether she[] [had] been interviewed for the grand jury proceedings. Some discussion there about [Gonzalez's] brother also being interviewed for the grand jury proceedings. During that interview[,] I don't recall if we discussed the search. She had not brought that up.

I also contacted her again July 10, 2013. The phone number I had was [REDACTED]. I had left a message for her, and I don't think she ever returned that call.

Q: Did you end up filing an omnibus pretrial motion to suppress the evidence in the case?

A: No.

Q: Why not?

A: Well, number one, **when I spoke with [Gonzalez] he had concerns about when the police had come in, but he had not said anything about – his mom saying, hey, I didn't consent to this. He had issues about the way they spoke to his mother, but not that she had not consented.**

**The officer's report had said in there that she did consent.** I did tell him, as he testified, that as to that it would be a credibility decision for a Judge at a pretrial hearing as to, hey, did his mom actually consent or, you know, do you believe what the officers are saying, that they talked to her and she gave consent. So I

guess in that type of discussion we had there it was, you know, discussed somewhat there.

N.T. PCRA Hearing, 8/1/17, at 12-14 (emphasis added).

Attorney Sidelnick testified that he was aware Gonzalez's mother may be a potential witness and had contacted her to discuss Gonzalez's case. However, despite attempting to contact Gonzalez's mother on at least two separate occasions, she ceased returning his calls. Additionally, neither Gonzalez nor Wanda Gonzalez informed Attorney Sidelnick that the police lacked consent to conduct a warrantless search, which was consistent with the police report Attorney Sidelnick reviewed.

Furthermore, there is no indication in the record that Wanda Gonzalez was willing to testify that she did not give the police consent to search her home. Moreover, the PCRA court found credible Attorney Sidelnick's testimony that, prior to trial, neither Wanda Gonzalez nor Gonzalez raised a suppression issue premised on lack of consent. *Commonwealth v. Johnson*, 51 A3d 237, 242-43 (Pa. Super. 2012) (on appeal from denial of relief under PCRA, the PCRA court's credibility determinations, when supported by the record, are binding on the appellate court). Therefore, we discern no error by the PCRA Court in determining that Gonzalez was not prejudiced by Sidelnick's decision not to call Wanda Gonzalez as a witness at trial. *Reed*, *supra*; *Fears*, *supra*.

Gonzalez next avers that Attorney Sidelnick rendered ineffective assistance of counsel for failing to file a suppression motion as to the warrantless search of Wanda Gonzalez's home.

- 6 -

Here, the PCRA court found credible Attorney Sidelnick's aforementioned testimony that Gonzalez never advised him to raise a consent to search issue in a pretrial suppression motion. Rather, Attorney Sidelnick discussed the possibility that police coerced Wanda Gonzalez's consent, but he ultimately determined that he would not pursue Gonzalez's coercion suppression theory. For Gonzalez to prevail on his claim, he must provide an evidentiary basis for which to find Attorney Sidelnick's decision to forego filing a pre-trial suppression motion unreasonable. *See Commonwealth v. Reyes-Rodriguez*, 111 A.3d 775, 783 (Pa. Super. 2015) (for matters of trial strategy, PCRA petition claiming ineffective assistance of counsel must provide evidentiary basis on which to find trial counsel's actions unreasonable).

In support of his argument, Gonzalez argues that Wanda Gonzalez would testify that the police coerced her consent and/or that she never consented to the search. However, Wanda Gonzalez was not present at the PCRA hearing, and thus, Gonzalez proffered no witness testimony suggesting she did not consent to the search or that her consent was coerced.[5] In light

---

[5] At Gonzalez's PCRA hearing, the following exchange occurred between Gonzalez and the court as follows:

GONZALEZ: My mother[] [is] willing to testify for this, man.

THE COURT: She's not here. This was your shot.

GONZALEZ: She works in North Carolina at the Naval Base. It's hard for her to come out here.

of the foregoing, we discern no error by the PCRA court in determining that Gonzalez failed to establish that Attorney Sidelnick acted unreasonably in not filing a pre-trial suppression motion. *Fulton*, *supra* (petitioner must establish underlying claim has arguable merit).

Order affirmed.

Judgment Entered.

*Joseph D. Seletyn*

Joseph D. Seletyn, Esq.
Prothonotary

Date: 4/2/2018

---

THE COURT: I know, but it's your shot, and if you have a witness who you claim would have been available to testify at trial, it was incumbent upon you to present that witness today. You failed to do that. For whatever reason, you failed to do that.

N.T. PCRA Hearing, 8/1/17 at 20-21.